Council are here for Zhang v. The Georgia Department of Administrative Services. Mr. Biedenbender is here for the appellant, Ms. Hughes for the appellee. Mr. Biedenbender, you may proceed. Good morning, Your Honors. May it please the Court. Adam Biedenbender here on behalf of the Georgia Department of Administrative Services, or DOAS, as I will refer to them. I find it particularly interesting that the District Court set the correct standard in its order, which we are appealing. The District Court found that the question for the Court is whether there has been a recovery of past medical expenses from the defendants by Zhang. Now, that is correct. Fee shifting in this case would be appropriate only if Zhang's counsel recovered this $598,000 in past medicals on behalf of DOAS from the defendants. But that didn't happen here. However, the District Court held that the plaintiffs did not waive their claim for past medical expenses and held that they, in fact, recovered these expenses from the defendants. And I believe that there's a real disconnect in between that standard and the ultimate holding, and that's how I'd like to explain how we got there. And I think it's really a series of related errors. First, the District Court ignored the plain meaning of the governing statute, OCGA 34911-1D, and its limited precedent. The statute provides that fee shifting in this context is appropriate only with respect to a recovery by the injured employee. The Southwire, one of the very few cases interpreting this statute, gives us a little bit more clarity and depth and states that fee shifting is permissible. You can't be serious. There's no recovery by the injured party in this case. They did, their lawyers did everything. The Georgia Department of Administrative Services did virtually nothing. All they did was file a motion to intervene, attend two depositions by phone without asking questions, and attend the pretrial conference and mediation. That's it, right? That's absolutely correct, Your Honor. And they're entitled to the entire $200,000 fee for that portion of the medical expenses? Yes, Your Honor, and that's correct for two reasons. The first of which is that's the nature of the beast. When we intervene into the plaintiff's case, our burden is extremely limited. Our burden at the early stages is to prove, if necessary, the reasonability and the validity of what we paid for medical expenses. The plaintiff's burden, and they did an excellent job in litigating the case on behalf of their plaintiff, is to establish negligence, causation, damages, all these heavy, heavy things that they need to establish. There wouldn't be a recovery without their services, right? Theoretically, Your Honor, anyone could walk off the street and offer to pay our claim, and what happened in this case is we were fortuitous. The defendants had a strategic goal. They wanted to exclude evidence of the plaintiff's past medical expenses at trial, and that's why they wanted to pay us and say, guess what? Now we don't believe you're entitled to blackboard these damages and to perhaps even blackboard future damages. And we know that's what was in play here because one day after the defendants paid DOAS, they filed just that motion in limine and asked the trial court to exclude evidence of the plaintiff's past medical expenses. What if the insurance company made a payment to Zhang directly for the amount of the lien in a check, and then Zhang endorsed the check over to Georgia in satisfaction of their lien instead of the check going directly from the insurance carrier to Georgia? Would Zhang's lawyers be deprived of a part of the attorney's fee? If the defendants or the defendant's insurance carrier had paid the plaintiff's, both the plaintiff's damages and DOAS and the past meds. And they endorsed the check over to Georgia. If that check included the $598,000, would that have been a recovery? Yes, it would have, Your Honor. But that's not what happened in this case. And the other important factor is that the plaintiffs waived their claim for past medical expenses. They absolutely unequivocally waived this claim. The record is rife with references to that. The pretrial order, the transcript from the pretrial conference, the plaintiff's attorneys repeatedly say, we're not seeking past medicals anymore. We initially were, but we're waiving that claim. And it's in the record as to why they did that. They believe that was in the best interest of their client. And I'm not privy to all of that reasoning, but it was a strategic decision to increase her recovery at trial. And you agreed with them to have the defendants make the check directly to Georgia just to expedite everything. We settled the case with defendants, but there are these references to this being some sort of tripartite joint strategy. That was not what was in play here, Your Honors. This was a case of every attorney looking out for the best interest of their specific client and no one else. The plaintiffs wanted to maximize Ms. Zhang's recovery at trial. The defendants wanted to minimize their exposure in trial. And we happened to be in a position where we were a bit of a pawn that inured to the benefit of both parties' strategies, and we did what I did what was best for my client. And that was in settling this case with the defendants who paid my client everything that they were asking. What if the plaintiff had participated in the settlement negotiations that your client had with the defendant? And as part of that settlement agreement, plaintiffs getting payment for some things, but your client is getting payment in full, the $500 and some odd thousand dollars, and that check is coming directly to you. Does that change the situation if everybody's participating in the settlement agreement? Your Honor, it may, and it would be, as you identified, very fact-specific as to the terms of this hypothetical agreement. But we know that's not what's happened here because we settled with the defendants for their trial strategy weeks before the defendants and the plaintiffs settled. And I would posit that it's a very interesting thought exercise to say, all right, the defendants pay us and settle with us. What happens if plaintiffs don't prevail at trial? I'm not saying I think that was going to happen, but if they had not prevailed, would they still be able to say that they recovered the funds that the defendants paid us? I don't think that would be rational or logical, but we have to judge what happened between DOAS and the defendants at the time it happened. Well, and what I'm trying to get at is looking back at the terms of the statute in the event of a recovery from such other person by the injured employee. So you've got a situation where your client, the defendant, and the plaintiffs are all participating in the settlement agreement, but pursuant to the settlement agreement, the plaintiff agrees that what you have paid for past medical, the check goes directly to you under that circumstance. I would contend that if the plaintiff agreed to that, that we are the party to receive that $598,000, that would be akin to the waiver that we had here in this case, if that was the language. So the only way, based on your argument, the only way for the plaintiff to protect itself in this situation is to insist that the check first come to the plaintiff? That's correct, and the way that this usually plays out is this worker's compensation lien law, and what happens is the plaintiffs try their case, we intervene in it, and then after the fact, after the plaintiffs have asked for those past medicals that they waived in this case, the jury awards them, let's say. We would typically come in after the fact and say, we have a lien against your recovery, and subject to the made whole doctrine, we believe we might be entitled to some of those funds. That's how this usually plays out, and in that scenario, there's absolutely no doubt that the plaintiffs recovered our expenses. I would never be here, we would never be having this discussion, and that's how these worker's compensation intervention cases play out 90% of the time, but this case is not one of those. It unfolded very differently, and I want to circle back as to the lack of involvement that DOAS had in this case. As I mentioned earlier, our burden is lesser, it's necessarily lesser, we're not going to drive the car throughout the litigation, but what should we do? Should we be penalized for litigating the case efficiently? Should we file more motions, request more discovery that's not necessary to support our limited burden of proof? Well, you're not penalized, you get a part of the fee. I'm sorry, Your Honor, what was that? Georgia isn't penalized, it's getting a part of the fee. The fee is being apportioned. The statute says if there's a recovery, then the court can apportion a reasonable fee between the attorney for the injured employee and the attorney for the employer, or the insured, in proportion to the services rendered. And it seems to me that the district court's interpretation of that statute is consistent with the purpose and the intent of the statute and common sense. Why am I wrong about that? Well, Your Honor, there's no joint recovery here. I would contend that plaintiff's attorneys, I'm not sure of their ultimate fee arrangement, but the recovery in this case was substantial. I would posit in the $30 million range. I welcome correction, I'm not aware of it. But I would posit that they've been compensated very adequately for their work before they take a portion of our fee. And I would also posit that the statute doesn't just speak to any recovery or these two separate recoveries that we have in this case here. It says that apportioning fees is appropriate if and only if the plaintiffs recover not just their own damages, but also the intervener's lien damages. And that's what Simpson v. Southwire really makes clear, is that in order to warrant fee splitting, fee shifting, or apportionment of fees, the plaintiffs can't just recover their own damages, which is all they did in this case. They only recovered damages to which we have no interest in or lien in. They have to recover our damages as well. And if they don't do that, then there's no basis to shift fees amongst the attorneys. If plaintiff does not recover the lien amount, what happens in a typical case? How do you recover? That would be the end of the road for the workers' compensation intervener. Okay, so then you have said that the plaintiff's attorney waived its claim to pass medical. That's correct. If that's true, and that would be the end of the road, why did the defendant settle with your client? They had that strategic goal of limiting the evidence that the plaintiffs could present at trial, and that's the motion in limine they filed one day after settling with us and paying us, and they asked the district court to prevent the plaintiffs from blackboarding or asking for past medicals and future medicals. I believe the district court ultimately granted and denied that motion in limine in part and said no past medicals, but they are allowed to present evidence of future medicals. So the whole goal, that was the entire goal of the defendant settling with us. But if the plaintiffs have waived their right to pass medical, why is there a need for a motion in limine? We likely would have contested that waiver of past medicals as improper and in violation of the intervention order. The intervention order in the district court case required the plaintiffs to present all evidence of their economic damages to the court and also required the plaintiffs to not do anything to prejudice our lien. We didn't get to it since we settled with the defendants, but we believe that allowing the plaintiffs to waive those damages was in violation of the intervention order, and if necessary, we would have challenged it. All right. Thank you, Mr. Beden-Bender. We'll hear from Ms. Hughes. Thank you, Your Honors. All right. Good morning, Your Honors. May it please the court. My name is Alexandra Hughes, and I'm here on behalf of the appellees, the plaintiffs in the underlying lawsuit, Yanshua Zhang and Guo Xiaohu. The only issue presented on appeal is whether the district court correctly found that there was a recovery of Ms. Zhang's past medical expenses under OCGA 34-9-11.1D. As the court recognized, Ms. Zhang had the legal claim for her past medical expenses, and she recovered her past medical expenses, albeit through a streamlined approach, when there was an agreement or when there was a payment directly from the defendants, the tortfeasors, to DOAS. OCGA 34-9-11.1D provides in the event of a recovery by the injured employee from the tortfeasor and that the recovery can be by judgment, settlement, or otherwise, that apportionment of attorney's fees between counsel for the injured employee and the workers' comp carrier is appropriate. In this event, in this case, there was a recovery of Ms. Zhang's past medical expenses. As the court questioned while opposing counsel was up here, there really is no difference between what happened in this case where money changed hands once instead of money changing hands twice. There was a recovery regardless. The statute doesn't contemplate how procedurally that recovery occurs. The check could have been endorsed over to Ms. Zhang and then endorsed to DOAS or it could have gone directly from the defendants to DOAS. But the statute requires more than a recovery of past medical. It says in the event of a recovery from such other person by the injured employee, doesn't that contemplate that it has to be directly tied to the actions of your client? Your Honor, it does contemplate that there has to be a recovery by the injured employee. Now, that recovery can be done by judgment, settlement, or otherwise. But your client didn't settle the past medical. In fact, your client, according to opposing counsel, waived it. Your Honor, the record below and the transcript from the pretrial conference indicates that the plaintiff, Ms. Zhang, never waived her right for past medical expenses. What we did below was say, okay, the defendants have admitted liability and causation for Ms. Zhang's horrific injuries, which took approximately two years of work to accomplish, and that for specific reasons we want to give up our right to seek the fair market value of those past medical expenses. Judge Lanbelow made clear that Ms. Zhang couldn't waive her right for past medical expenses. Instead, based on several unique facts that occurred in this case, one, that the defendants had admitted liability and causation for Ms. Zhang's injuries, two, that the plaintiffs decided not to ask for the fair market value of those expenses, and three, that the plaintiffs agreed that they would not contest that Ms. Zhang had been fully and completely compensated as contemplated by the statute, that the parties, this streamlined process that was facilitated by plaintiffs' counsel and endorsed by the district court, allowed for this recovery in a way that was fair and economical for every party. The court noted that this would help declutter the case and that if Ms. Zhang's lien-related claim for her past medical expenses could not get settled before trial, that Judge Lan will determine how to try the lien aspect of that case when the case went to trial. I wonder if the Georgia Supreme Court could interpret the statute differently than how you interpret the statute, and if that's the case, why shouldn't we certify the issue to the Georgia Supreme Court? Your Honor, the statute contemplates a recovery by judgment, settlement, or otherwise. It doesn't discuss what a recovery exactly means. It doesn't discuss what otherwise, a recovery otherwise means. However, Simpson v. Southwire has interpreted OCGA 34-9-11.1d and has explained that when construing that statute, it's important to first look at the intent and purpose of that statute. The intent and purpose of this statute is to protect the injured employee. We want to make sure that injured employees are fully and completely compensated and that once the workers' comp care has proven that that employee is fully and completely compensated, that's not a burden that DOS had to meet here when plaintiffs agreed, facilitated the streamlined approach, but that this recovery can occur when all the parties get together and agree. But I would submit that this doesn't need to be certified to the Georgia Supreme Court. This is a very unusual, factual situation, and as Your Honor stated or questioned during opposing counsel's argument, the intent, purpose, and common sense meaning of this statute does provide that Ms. Zhang did recover her past medical expenses. As Judge Branch said, if the plaintiffs had actually waived this claim, there wouldn't have been a recovery. It's DOS's position that it independently settled these claims. All the parties at the pretrial conference discussed how this facilitated, this streamlined approach would work, and it was meant to declutter the case because it was the fairest way for all the parties where the defendants had already admitted liability and causation to deal with this lien-related claim. You were talking about streamlining the case, and so that necessarily means you are focusing on what is going to happen at the trial. There's nothing, though, in that efficiency and streamlining that speaks to why your client couldn't have settled separately with the defendant for the past medical. That certainly would have streamlined the case, too. There's not anything magic, too. It has to be taken out of the case, and we're going to let the Georgia Department of Administrative Services handle that. Your client could have settled for past medical, and that would have streamlined the case, too. Correct. It would have. However, the more efficient option or the better option in this case because Ms. Sang wasn't seeking the fair market value of her past medical expenses, that it was to have the defendants directly pay the entire subrogation lien to DOS instead of having to endorse that check over to Ms. Sang and then have Ms. Sang endorse that check over to DOS. It seems very unlikely that at a mediation, only if the parties were directly, if it was defendants and Ms. Sang, that they would only settle that lien-related claim with Ms. Sang. So the way it would work is you settle with them for the amount of Georgia lien, and then Georgia can't object because they're going to get all their money, right? Yes, Your Honor. Okay. So if you settled for anything less than a lien, they're going to object, right? Yes, Your Honor. Okay. All right. That's assuming that Ms. Sang, in this case, did give up her right to contest that she was fully and completely compensated. I understand. Okay. The district court's finding that there was a recovery upholds the spirit of OCGA 34-9-11.1 and is not disfavored by public policy. DOS's position in this case is that it independently negotiated these claims with the defendants. This was not the case. This was not a backroom deal. This was out in front of the judge and as well as plaintiff's counsel at the pretrial conference. Moreover, it's difficult to see what independent settlement negotiations really occurred where the defendants had already admitted liability and causation. I understood their public policy argument to be, hey, we're not going to be able to get lawyers to do these claims for us unless they get their one-third. Now, what's the answer to that? Your Honor, the statute contemplates that when there is a recovery, as there was in this case, that fees will be apportioned between plaintiff's counsel and counsel for DOAS. Unlike in Summers v. State Compensation Insurance Fund, where plaintiff's counsel tried to completely eliminate the worker's compensation carrier's fee, Judge Land, in this case, apportioned 25 percent of the entire judgment to DOAS. DOAS received $50,000 for filing a form motion to intervene, attending two depositions by phone, attending the pretrial conference, and attending mediation. So, your argument, I guess, is that the attorneys are going to take these cases because they can rely on a just apportionment by the judges? Your Honor, the attorneys take these cases with full knowledge that attorney's fees will be apportioned. If there is a recovery between plaintiff's counsel and counsel for worker's comp. As DOAS's counsel stated when he was up here, they essentially, they virtually do no work. Or maybe your Honor, Judge Wilson had stated that. That's contemplated by this statute. The purpose of the statute is to make sure, and Simpson v. Southwire Company discusses this, is to make sure that an injured employee doesn't bear the legal expenses of a worker's compensation carrier. That's not what the statute intends. And in this case, Judge Land appropriately apportioned attorney's fees based on in proportion to services rendered. That's also something that's in the statute. Attorney's fees are apportioned in proportion to services rendered. Well, and to be clear, though, the Georgia Department of Administrative Services has not said, yes, we agree this should have been apportioned, but we're disputing the apportionment amount. They're saying it shouldn't have been apportioned at all. So we're not really talking about the fairness of the apportionment. They're saying it shouldn't have happened. But you had said earlier that Judge Land correctly followed the spirit of the statute. So I want to go back to that sentence for a second. Let's talk about the language of the statute. How do you win if we look at the language of the statute? Looking at the language of the statute, in the event of a recovery from such from an injured employee by a tort. OK, let me rephrase. In the event of a recovery by an injured employee from the tort fees or by settlement, judgment or otherwise, there will be an apportionment of attorney's fees. In this case, the claim that was settled was Ms. Zhang's lien related claim. It was the claim for her past medical expenses. DOAS concedes that it doesn't have a claim directly against the defendants. It has an illusory subrogation lien until an employee is either proven or, in this case, agrees that they will be fully and completely compensated and will not contest that lien. So looking at the plain language of the statute, the common sense language, is that there was a recovery. That recovery was Ms. Zhang's past medical expenses. And the persons who paid for Ms. Zhang's past medical expenses were the tort fees or the defendants in the underlying suit. But the statute says in the event of recovery by the injured employee. And so here we have a situation where your client did not participate in the settlement negotiations and did say we're not going to be seeking past medical and turned over the settlement to the Georgia Department of Administrative Services. So how do you win under the language of the statute based on those facts? Your Honor, the plaintiff, Ms. Zhang, did participate in this settlement, this streamlined approach that produced this settlement. Ms. Zhang had to agree that, one, she would not seek the fair market value of her medical expenses and, two, that she would not contest that she was fully and completely compensated. Otherwise, DOAS could not have recovered its entire lien. To be clear, though, she's not a signatory to the settlement agreement between DOAS and the defendants? The defendants. No, she's not, Your Honor. However, before this settlement was reached, the Judge Land, Plaintiff's Counsel, Counsel for DOAS, and Defendant's Counsel all agreed that if this streamlined approach was going to be used, that the plaintiffs would not come back. We agreed on the record that the plaintiffs would not come back and contest that Ms. Zhang had been fully and completely compensated. Otherwise, this settlement could not have happened. The purpose of the statute is to make sure that injured employees are fully and completely compensated. If we're to agree with DOAS that a workers' comp carrier can go independently negotiate a claim that actually belongs to an injured employee, that completely contravenes the purpose of this statute and will give workers' compensation carriers motivation to settle past medical expenses out from under injured employees. That's not what the statute intends. So did DOAS agree to the streamlined approach? Yes, Your Honor. At their pre-trial conference. Agree to it, and then it was after the entry of the order by the district court is when they objected. Yes, Your Honor. At no time was discussion, and this is what Judge Land found, that by agreeing to this streamlined approach that helped every party enable DOAS to not have to satisfy its burden at trial or sit through a trial, that the plaintiffs would not contest that she was fully and completely compensated, but that this streamlined approach could be used to the benefit of all parties. At no time was there discussion that this would nullify plaintiffs' counsel's ability to have attorney's fees apportioned. Again, the purpose of this statute, and again, it's explained in Simpson v. Southwire Company, is to make sure that an employee is fully and completely compensated and isn't bearing the expense of a workers' compensation carrier. And in this case, if the court were to reverse the district court, it would be upending the statute. It would disincentivize any plaintiff's attorney from ever agreeing to this kind of streamlined approach again. It would incentivize workers' compensation carriers to settle past medical expenses claims out from under-injured employees. I see I'm out of time. If there are any other questions? Nope. I think we have your argument. All right. Thank you, Your Honors. Thank you. Mr. Biedenbauer, are you sure the Georgia Department of Administrative Services want that precedent that they would settle these claims without an approach like this, which would provide the department a portion of the attorney's fees for their lien? Your Honor, this was an unorthodoxly conducted case, but what DOAS did not agree to was to do anything involving the plaintiff. At the pretrial conference, the court, and it came up that perhaps DOAS should be negotiating with the defendants. That's unusual, but we agreed to negotiate with them, and they made us a favorable settlement offer. The made whole doctrine is a bit of a red herring here. Ms. Zhang's participation wasn't necessary in the settlement because the made whole doctrine didn't apply. The made whole doctrine states that before we can recover on our lien, before we can take money from the plaintiff's recovery, we have to establish that the plaintiff's been made whole. It didn't happen here because we settled our case and did away with our lien damages before the plaintiff ever had a recovery. So the made whole doctrine has no impact on this matter. As for the waiver issue, I do just want to invite the court to inspect the pretrial order and the pretrial conference transcript. Pretrial order is Doc 89. They're just clear waivers. We are not putting up past medical expenses at trial. We're not asking for them. Let me ask – sorry, you go ahead. Oh, all right. It just seems that what you're saying is in the event of recovery from such other person by the injured employee, that means that you have to have this agreement, and the check has to go to her, and then she pays it to you at Georgia. And if that happens, everything's fixed? If that happens, it's business as usual because the plaintiff has recovered the workers' compensation intervenors' damages on behalf of them. Okay. So how is this different? Because everything happens in sequence here. They agree not to claim any more, therefore there's a settlement, and therefore the check can be made right to you, and that's the end of it. So it's just a matter of how the check goes. You mean the statutory interpretation should really turn on how the check goes? Is there anything more substantive than just how the check goes? That's not what happened, Your Honor. The DOAS and the defendants settled before the plaintiffs, and the defendants settled their independent claims. We recovered before their recovery. It wasn't a streamlined – Well, just a second. You would not have been recovered – you would not have been recovering if they hadn't agreed that they wouldn't press those claims anymore. That who wouldn't press which claims? That the injured party would not press more claims for past damages. Otherwise, you wouldn't have gotten a check. I don't believe the injured parties would have had claims directly against DOAS for past damages. No, no, no. Claims against the tortfeasor. They agreed not to press more claims against the tortfeasor, and that allowed the check to be made to DOAS. Isn't that the order it happened in? No, Your Honor. I'm not aware of any agreement between the plaintiffs and the defendants at that time limiting the claims that the plaintiffs could have presented against the defendants, against the tortfeasor. So the claim went directly to the state of Georgia for no reason? The defendants elected to pay the DOAS this money for the defendants' own strategic reasons for trial advantage for their own clients. It was an unorthodox structure. It's one that in order to the benefit of my client, perhaps we received more money than we usually do. I would like to know who to petition for in the cases where I do more work and receive less money than I feel I'm entitled to. Those are the breaks sometimes, but I think we need to come back to the clear language of the statute. In this case, if you'd done more work, then you would have gotten more of the attorney's fee. Judge Land would have given you, I mean, apportioned the attorney's fee in accordance with the statute, in accordance with the services rendered. If you'd done more work, you would have gotten more fee. Your Honor, we are not taking issue with the split, the 75-25% split from Judge Land. We're simply taking issue with the apportionment at all. That's all. I don't quibble with the way that he carved up the pie. I just quibble with his decision to carve it. All right. I think we have your argument. Thank you, Counsel. Thank you, Your Honor. Court is in recess until 9 o'clock tomorrow morning. All rise.